IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TREVA EPPS                          *

V.                                  *   CIVIL NO. SKG-09-1486

WAY OF HOPE, INC., ET AL.           *

## MEMORANDUM OPINION

Plaintiff brings this action to recover unpaid wages and overtime from defendants under the Fair Labor Standards Act (FLSA) and the Maryland Wage-Hour Law (MWHL). (Paper No. 1, 1). The Court has jurisdiction over this action under 28 U.S.C. § 1331.

Currently pending before the Court is Plaintiff's Motion for Partial Summary Judgment. (Paper No. 19). The motion has been fully briefed. No hearing is necessary. Local Rule 105.6.

For the reasons below, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment.

I.  Background

This is a wage and hour case that plaintiff brings against her former employers, defendants. (Paper No. 1). Defendant Marie Fernelis owns and operates the defendant corporation Way of Hope, Inc. (Paper No. 1, 3). Defendant Fernelis hired plaintiff to work as an employee of Way of Hope and set the terms and conditions of plaintiff's employment. (Id.).

1

Defendant James Francois is an employee of Way of Hope. (Id.). Defendants deny all of plaintiff's allegations as to defendant Francois's position, but have stipulated that he, as well as his co-defendants, were employers of plaintiff as defined by the FLSA and MWHL. (Paper No. 17; Paper No. 19-1, 1; Paper No. 25, 2). Plaintiff was employed by defendants as a "care provider" at defendants' facility, where she prepared meals, cleaned, did laundry, and assisted facility residents with personal care, hygiene, and medication. (Id., 2). Her duties also included night care of residents, including changing sheets, monitoring residents walking the halls, and personal hygiene. (Id., 3).

Plaintiff alleges that, while she worked seven days per week, without weekend breaks, and that "it was not uncommon for [her] to work far in excess of 40 hours per week." (Id., 2). She alleges that defendants did not pay her for all hours worked and did not pay her minimum wage. (Id., 3). She further alleges that defendants did not direct her to record her hours. (Id.). Defendants respond that some of the hours when plaintiff was at the facility were "non-working hours" for which plaintiff understood she would not be paid. (Paper No. 22, 4). Further, defendants allege that they provided plaintiff with room and board, and contend that plaintiff was aware that her receipt of room and board would constitute a portion of her wages. (Id., 4-5).

## II. Standard of Review

A moving party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must initially show "the absence of a genuine issue as to any material fact." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The burden then shifts to the non-moving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Haavistola v. Cmty. Fire Co. of Rising Sun, 6 F.3d 211, 214 (4th Cir. 1993).

To survive summary judgment, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," and may not rest upon the "bald assertions of [its] pleadings." Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (holding that a non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts").

A court must view the evidence in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. Further,

the role of the Court at this stage is not to "weigh the evidence and determine the truth of the matter," but rather to determine whether "there are any genuine factual issues that can properly be resolved only by a finder of fact because they may be resolved in favor of either party." Anderson v. Liberty Lobby, 477 U.S. 242, 249-50 (1986). Credibility determinations are also reserved exclusively for the trier of fact. See id. at 255.

**III. Analysis**

    **A.   Jurisdiction and Status of the Parties**

As a threshold matter, the Court must determine whether its jurisdiction over this case is proper and whether defendants are covered under the FLSA and MWHL. Plaintiff alleges that the Court has jurisdiction over this action under 28 U.S.C. § 1331, which grants this Court original jurisdiction over civil actions arising out of federal law--here, the FLSA. The parties advised the Court of their stipulations that defendants were plaintiff's employers, as defined and interpreted by the FLSA and MWHL. (Paper No. 17; Paper No. 19-1, 1; Paper No. 25, 2). Defendants now contend that defendant Francois was not an employer under the FLSA and MWHL. (Paper No. 22, 4). Defendants are bound to representations made by their counsel to this Court. E.g., Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264-65 (4th Cir. 2004) (recognizing that, where a party makes a "judicial

4

admission"--an affirmative statement that a fact exists or an intentional and unambiguous waiver that releases the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law--that admission is conclusive unless the Court allows it to be withdrawn). Defendants have given no explanation for or made any persuasive argument for the withdrawal of the admission. Therefore, the Court finds that the parties have stipulated to the status of all defendants' as employers under the FLSA and MWHL.

However, defendants' status as an employer under the FLSA is not alone decisive to the question of jurisdiction. The FLSA, in general terms, requires that employers pay employees at least the minimum wage set by statute, as well as overtime pay at the rate of one and one half times the employee's regular rate for all hours worked per week in excess of 40 hours. 29 U.S.C. §§ 206, 207. The FLSA covers all employees, regardless of the type of work they perform, if they are employed by "an enterprise engaged in commerce," as defined by Section 3(s) of the statute. 29 U.S.C. § 203(s). Defendants qualify as an "enterprise engaged in commerce" under 29 U.S.C. § 203(s)(1)(B), as they together are "engaged in the operation of . . . an institution primarily engaged in the care of the . . . aged, or the mentally ill or defective who reside on the premises of such institution . . . ." Id.; (Paper No. 1, 3). Therefore, as

defendants were plaintiff's employers and defendants qualify as a covered enterprise, this Court has jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.S. §§ 203, et seq.

Having found that defendants, both individually and collectively, qualify as covered employers under both the FLSA and the MWHL, the Court must also determine whether plaintiff qualifies as a nonexempt employee entitled to protection under these laws. Defendants' Answer to the Complaint admitted that plaintiff did not supervise employees for defendants. (Paper No. 1, 5; Paper No. 4, 3). However, in their Opposition to the Motion for Partial Summary Judgment, defendants now assert that plaintiff was a supervisor who was thus exempt from the overtime provisions of the FLSA and MWHL. (Paper No. 22, 1).

Again, defendants are bound to representations made by their counsel to this Court. E.g., Meyer, 372 F.3d at 264-65. Again, defendants have given no explanation nor made any persuasive argument for its withdrawal. Therefore, the Court finds that plaintiff was a covered employee, entitled to protection under the FLSA and MWHL.

**B. Deductions from Wages**

Plaintiff seeks summary judgment on two related issues: (1) whether defendants took "impermissible" deductions from plaintiff's wages; and (2) whether the claimed deductions can offset or reduce the amount of wages owed to plaintiff. (Paper

No. 19, 1).

Under the FLSA and Maryland Wage and Hour Law (MWHL), an employer must compensate employees for all hours worked at a rate not less than the federal minimum wage, and at least one and one half the regular rate of pay for each hour worked over 40 in one workweek. 29 U.S.C. § 207(a)(1); MD. CODE ANN., LAB. & EMPL. §§ 3-415(a), 3-420(a). While "wages" may include both actual paid wages and "the reasonable cost . . . to the employer of furnishing such employee with board, lodging, or other facilities, if such board, lodging, or other facilities are customarily furnished by such employer to his employee," 29 U.S.C. § 203(b), the employer must maintain and preserve records substantiating this cost on a workweek basis. 29 C.F.R. § 516.27(a)-(b); MD. CODE. ANN., LAB. & EMPL. § 3-503. Furthermore, an employer must receive written authorization from the employee before compensating the employee in part by providing board and lodging. MD. CODE ANN., LAB. & EMPL. § 3-503. Failure to maintain such documentation is fatal to an employer's attempt to count room and board as wages paid to an employee. Jones v. Way of Hope, Inc., 2009 WL 3756843, Civ. No. 07-1517-BEL *3 (D. Md. Nov. 6, 2009); Marroquin v. Canales, 505 F. Supp. 2d 283, 292-93 (D. Md. 2007).

Although defendants claim in their opposition to the Motion for Summary Judgment that they "furnished records to show the

cost of meals, lodging and other facilities supplied to the Plaintiff" (Paper No. 22, 5), it is undisputed that defendants did not provide plaintiff with documentation showing deductions from her wages for room and board during the course of her employment. (Paper No. 1, 5; Paper No. 4, 2; Paper No. 25, 4-5). It is also undisputed that plaintiff "never signed a document authorizing Defendants to take deductions for room and board from her wages." (Paper No. 1, 5; Paper No. 4, 2). Defendants suggest that plaintiff's awareness and acceptance of board and lodging entitled defendants to deduct the value of board and lodging from her pay. (Paper No. 22, 5-6). However, the FLSA's protections are construed strictly, and defendants' failure to obtain written authorization from plaintiff or to maintain documentation showing deductions from her wages for room and board precludes them from counting room and board within the wages paid to plaintiff. See, e.g., Marroquin, 505 F. Supp. 2d. at 292-93 (collecting authority supporting the proposition that an employer is not entitled to offset wages by lodging or board when it fails to maintain and preserve requisite documentation); Jones, 2009 WL 3756843 at *3 ("The failure to document the amount, the failure to obtain [] written authorization from Jones, and the failure to include detailed documentation on the amount of room and board all preclude the Defendants from counting room and board within the wages paid to

[Plaintiff].").

**IV. Conclusion**

For the reasons set forth herein, the Court hereby GRANTS partial summary judgment in favor of plaintiff on the issue of "offsetting" of wages owed to plaintiff, and specifically rules that, as a matter of law, defendants cannot use room and board provided by them to plaintiff to offset the wages owed to plaintiff under the FLSA and MWHL because they failed to obtain plaintiff's written authorization for such deductions and failed to maintain requisite documentation of deductions.

**V. Sanctions**

Plaintiff has suggested that sanctions are appropriate in this case as defendants' opposition is without legal support and is in direct contradiction with their previous positions in this and earlier, related litigation. (Paper No. 25, 7). The Court agrees that defendants' position appears totally without merit and subject to sanctions. 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). While the defendants may have pressed counsel to take this litigation position by obdurance, it is counsel's obligation under the statute and codes of ethics to pursue only meritorious claims and positions.

The Court reluctantly imposes sanctions in any case, but defense counsel's position resulted in the totally unnecessary expenditure of plaintiff's counsel time and treasure.  To ignore this litigation misconduct lowers the standard of practice in our court.  Plaintiff's counsel shall submit an affidavit and documentation supporting a reasonable attorneys' fee award by May 24, 2010 and defendants shall have until June 4, 2010 to submit any opposition to an award of sanctions and the amount of the requested award.

Date:    5/18/2010                              /s/
                                         Susan K. Gauvey
                                         United States Magistrate Judge